# BRUCE ARISTEO



34 Lancelot Lane • Mount Laurel, NJ 08054
Phone: 856.437.0778 • Fax: 866.629.3666 • E-Mail: statevsbrucearisteo@gmail.com

March 20, 2015

**CERTIFIED MAIL**
Superior Court of New Jersey Appellate Division
Richard J. Hughes Justice Complex
Pro Se Appellate Division
25 West Market
Trenton NJ 08625-0006
Ph:    (609) 292-5743

> **RE:    Motion to Leave from Interlocutory Order**

Dear Clerk:

Enclosed please find for filing an original and four copies of the Defendant's Notice of Motion to Leave, and letter brief and appendix in lieu of formal brief for Defendant's *pro se* Motion for Leave to File an Interlocutory Appeal.

Respectfully,

BRUCE ARISTEO,
Defendant-Appellant, *pro se*

C w/encl:    The Hon. Frederick J. Schuck, J.S.C.
              Tracy A. Cogan, Assistant Prosecutor
              Brad Wertheimer, Esquire (Standby Counsel)

**BRUCE ARISTEO**
34 Lancelot Lane
Mount Laurel, NJ 08057
Ph:    (856) 437-0778
Fax:   (866) 629-3666
E-Mail: statevsbrucearisteo@gmail.com

| | |
|---|---|
| STATE OF NEW JERSEY, | SUPERIOR COURT NEW JERSEY APPELLATE DIVISION |
| Plaintiff-Respondent, | |
| | **Docket No.:** |
| v. | **Motion No.:** |
| | ON APPEAL FROM CRIMINAL ACTION |
| BRUCE ARISTEO, | Camden Trial Court Judge: |
| | The Hon. Frederick J. Schuck, J.S.C. |
| Defendant-Appellant. | Criminal Action 13-08-02454-I |

## DEFENDANT'S NOTICE OF MOTION FOR LEAVE TO APPEAL FROM INTERLOCUTORY ORDER

### CRIMINAL ACTION: 13-08-02454-I

**PLEASE TAKE NOTICE** that the undersigned hereby moves before the Superior Court of New Jersey, Appellate Division, for an order granting Defendant's Motion for Leave to Appeal from Interlocutory Order from Superior Court, Camden County, New Jersey Criminal Action 13-08-02454-I.

In support of this Motion, Defendant shall rely on the accompanying letter-brief.

Respectfully Submitted,

DATE:  March 20, 2015                    BRUCE ARISTEO, *pro se*

**BRUCE ARISTEO**
34 Lancelot Lane
Mount Laurel, NJ 08054
Ph:    (856) 437-0778
Fax:   (866) 629-3666
E-Mail: statevsbrucearisteo@gmail.com

| | |
|---|---|
| STATE OF NEW JERSEY,<br><br>      Plaintiff-Respondent,<br><br>      v.<br><br>BRUCE ARISTEO,<br><br>      Defendant-Appellant. | SUPERIOR COURT NEW JERSEY<br>APPELLATE DIVISION<br><br>**Docket No.:**<br>**Motion No.:**<br><br>ON APPEAL FROM CRIMINAL ACTION<br>Camden Trial Court Judge:<br>The Hon. Frederick J. Schuck, J.S.C.<br>Criminal Action 13-08-02454-I |

**CERTIFICATE OF SERVICE**

I hereby certify that I mailed the original and (4) copies of this Notice of Motion, certification, and Letter-brief to the Clerk of the Appellate Division. Because of the Defendant's indigence and the costs of printing and mailing documents, Defendant has sent by e-mail/mail copies of same to the following:

**Frederick J. Schuck, J.S.C. (mail)**
Camden County Hall of Justice
101 South 5th Street
Suite 570
Camden NJ 08103

**Tracy A. Cogan, Assistant Prosecutor (e-mail/fax)**
Camden County Office of The Prosecutor
25 North 5th Street
Camden NJ 08102

**Brad Wertheimer, Assistant Public Defender (e-mail)**
Office of the Public Defender - Camden
101 Haddon Avenue
2nd Floor
Camden NJ 08103

DATE:  March 20, 2015

BRUCE ARISTEO,
Defendant-Appellant, *pro se*

## **TABLE OF CONTENTS**

STATEMENT OF FACTS ................................................................. 1

PROCEDURAL HISTORY ............................................................... 7

LEGAL ARGUMENT .................................................................... 13

      POINT I:    INTERLOCUTORY RELIEF FROM A TRIAL COURT'S DETERMINATION DENYING A MOTION IS DISCRETIONARY AND IS USED SPARINGLY IN THE INTEREST OF JUSTICE ..................................................................... 13

      POINT II:   IF AN ORDER IS NOT A FINAL JUDGMENT, A PARTY MUST BE GRANTED LEAVE TO APPEAL ......................... 14

      POINT III:  THE PRESERVATION OF RIGHTS THROUGH A RIGHT TO APPEAL FROM A FINAL JUDGMENT MAY VIOLATE THE LIBERTIES OF THOSE UNREASONABLY PROSECUTED ..................................................................... 16

CONCLUSION ........................................................................... 19

## **TABLE OF APPENDIX**

ORDER DATED NOVEMBER 21, 2013 ..................................................... O-2

ORDER DATED MARCH 3, 2015 ........................................................... O-11

**BRUCE ARISTEO**
34 Lancelot Lane
Mount Laurel, NJ 08057
Ph:    (856) 437-0778
Fax:   (866) 629-3666
E-Mail: statevsbrucearisteo@gmail.com

| | |
|---|---|
| STATE OF NEW JERSEY, | SUPERIOR COURT NEW JERSEY APPELLATE DIVISION |
| Plaintiff-Respondent, | |
| v. | **Docket No.:**<br>**Motion No.:** |
| BRUCE ARISTEO, | ON APPEAL FROM CRIMINAL ACTION<br>Camden Trial Court Judge: |
| Defendant-Appellant. | The Hon. Frederick J. Schuck, J.S.C.<br>Criminal Action 13-08-02454-I |

**DEFENDANT'S LETTER-BRIEF IN LIEU OF FORMAL BRIEF SUPPORTING
THE NOTICE OF MOTION FOR LEAVE TO APPEAL FROM
INTERLOCUTORY ORDER**

## I.    <u>STATEMENT OF FACTS</u>

On diverse dates between November 26, 2011 and August 2, 2012, the alleged victim in the above-captioned matter (Jody Raines, "Raines") brought an action before The Hon. Nan S. Famular, J.S.C., Family Part, Superior Court Camden County.  The matter was listed under Docket FV-04-001476-12-B, and alleged a violation of a civil contract between Raines and Defendant. Raines alleged Defendant violated said contract, and as such, filed a Temporary Restraining Order ("TRO") against Defendant.  The TRO was procured by fraud and in want of probable cause.

On or about June 2012, six (6) Family Part hearings had concluded, and the Camden County Office of the Prosecutor ("CCOP") unofficially intervened

with wrongful purpose to deter the dismissal of the TRO, and misdirect justice by hindering any possible future legal actions against Raines.

Documentation in the form of letters demonstrate Assistant Prosecutor Laurie A. Corson, of the CCOP, in violation of RPC 3.4(g), threatened the Defendant with criminal charges if he did not acquiesces to her demands. The demands included, but were not limited to, the premature termination of Family Part litigation denying the Defendant his "day in court," the dismissal of pending charges against Raines, and extend indefinitely the TRO.

On August 2, 2012, Judge Famular presided over the parties with counsel to assure they understood the conditions of the new civil agreement ("AGMT"). An Indefinite Temporary Restraining Order ("I-TRO") was a condition of the AGMT. The Defendant signed the AGMT under duress and entered the I-TRO. Judge Famular issued the I-TRO under Docket FV-04-001476-12-B.

Defendant signed AGMT with the understanding that the information on the contract was factual, and the conditions were legally binding upon the validity of the AGMT, and upon the parties.

The I-TRO—a condition of the AGMT—prevents Defendant from having any oral, written personal, electronic or other form of contact with Raines.

The AGMT, in pertinent part, bars both parties from making any disparaging or derogatory comments about each other or from maligning each other in such a way as to *impair* their businesses in the Philadelphia and Southern New Jersey metros.

On August 27, 2012, Defendant obtained documentation that AP Corson and Raines had provided Defendant's counsel and the Court with knowingly false information with wrongful purpose to coerce Defendant into the AGMT.

As a matter of contractual law, the false information is material, and coercing a party forms an unconscionable contract.  Likewise, some conditions are impossible for Raines to comply with, and after signing the AGMT; Raines continued to engage in disparaging Defendant locally.

Defendant filed the lawful complaints with the Special Investigations Unit within the CCOP alleging fraud and coercion by Raines and AP Corson.  AP Corson administratively dismissed each complaint regarding Raines, and the Special Investigations Unit disregarded complaints regarding AP Corson.  The former First Assistant Prosecutor Rodriguez stated, "The CCOP does not have the recourses to pursue the complaints."

Defendant made his complaints public by making videos under the title of "Band Aid Justice," which evidenced the fraud and misconducts executed by the CCOP, Raines, and the New Jersey Criminal Justice System.

On December 6, 2012, upon the Defendant's Motion to Dismiss the AGMT and I-TRO for fraud, Judge Famu1ar issued an Order amending the AGMT, directing Defendant to remove YouTube videos posted under headings "Band Aid Justice," which Defendant posted on November 5, 2012.  The Order also barred Defendant from posting any future videos on any public media sites, which refer to Jody Raines directly or indirectly.  Judge Famular refused to sanction Raines for continuing her campaign of maligning the Defendant.

Defendant's argument was Judge Famular exceeded her jurisdiction because the Court was without authority to restrict Defendant's speech made on matters of great public interest and concern, namely, conspiracy and fraud executed by Public Officials, State Officers and Raines.

In support of his argument, Defendant provided Judge Famular with the complaint forms filed with the Ethics Committee and State Attorney General. The print at the bottom of the State's Grievance Form [OAE 03/06 - CN 10952] reads: "The Supreme Court of New Jersey has held that persons who file grievances "may speak publicly regarding the fact that a grievance was filed, the content of that grievance, and the result of the process."

On February 26, 2013, Judge Famu1ar issued another Order amending an Order dated December 6, 2012.  Judge Famular indicated Defendant did not have to remove al1 of his "Band Aid Justice" *videos,* only those that referred to Raines directly, and he was to cease producing and posting future videos on public media sites which refer to Raines directly.  Judge Famular also, on several occasions, indicated that she did not have jurisdiction over amending the AGMT, nor did she have jurisdiction to dismiss the I-TRO.

On February 13, 2013, Judge Famular's lack of jurisdiction prompted the Defendant to file a lawsuit under docket CAM-L-5070 and before the Hon. Robert G. Millenky, P. J. Cv. Law Division, Special Civil Part.  The Defendant sought the dismissal of the fraud AGMT and the I-TRO, and for damages from Raines, her company WebMarCom LLC.

On February 22, 2013, Judge Millenky entered an order dismissing the complaint on the grounds of *res judicata* because the issues should have been decided in Family Part.

On March 8, 2013, Judge Famular rendered a final Order stating "Family Part" did not have jurisdiction over <u>any</u> civil claims regarding the AGMT that Defendant brought before the Law Division.

On March 13, 2013, upon Defendant's motion for reconsideration, Judge Millenky entered an order dismissing Defendant's motion. Notwithstanding Judge Famular's Order demonstrating Defendant presented his claims to Judge Famular, and that Family Part was without jurisdiction, Judge Millenky asserted the claims should have been addressed in Family Part.

On or about April 16, 2013, Defendant, continuing to be relentlessly harassed by Raines, began posting videos on YouTube under the heading MonkeyCom.net where he directly referenced Raines by naming her and her business, as well as using photographs Raines posted publicly online. Defendant indicated MonkeyCom *is* a parody of WebMarCom, Raines' business website. The content of the videos were that of <u>Defendant "joking" about the personal and profession disparaging comments Raines made "publicly" about the Defendant</u>.

On April 18, 2013, Defendant posted a video in which he *critiqued* Raines's public online blog regarding social media tips. Because Raines referenced Defendant in the blog, Defendant jested that anyone following Raines's prescription may find themselves exhibiting forms of psychosis.

On April 25, 2013, Defendant posted a video containing <u>a clip</u> of a video Raines posted publically of her dog, a *Belgian Malinois,* running around her backyard.  Defendant then acted out an advertisement for a company named *RU-Burger Farms* that sells Belgian Malinois sausage patties.  Defendant is actually eating a "Bob Evans" sausage patty pretending it is a RU-Burger Farms sausage patty and describes how tasty *it is.*  The Defendant's video is a parody of a video Raines posted where she suggests her dog will attack and eat the Defendant if he comes near her.  After 2-years of litigation, Raines never reported the Defendant approached her or was seen during her daily routine.

In another video posted on May 1, 2013, Defendant then discussed *via* a mock interview, his first meeting with Raines and he described Raines as threatening to eat his pet rooster, a "cock" named Doodle.  The video parodied the conduct of Raines after she voluntarily accessed the Defendant's personal website and witnessed the "sausage patty" video.  Raines then contacted the "People for the Ethical Treatment of Animals" (PETA) and Defendant's business clients asking for "help" claiming Defendant was "<u>threatening to eat</u>" and "<u>eating</u>" her dog.  PETA and Defendant's clients thought the matter was a ruse.

On May 12, 2013, Defendant posted a video where he explained why he posted the "Band Aid Justice" series of videos, because he was denied equal protection of the laws and that the CCOP refused to expend resources investigating Raines.  Defendant further stated that <u>he would not stop perusing justice</u>.

## II.   **PROCEDURAL HISTORY**

Although the procedural history is extensive, only but a few are relevant to this Application and Defendant shall only list the details of those relevant.

On May 15, 2013, Sergeant David Lick of the CCOP contacted Defendant. Sgt. Lick proposed that in exchange for investigating Defendant's complaints, Defendant would stop posting videos.   Defendant agreed and scheduled a meeting with the CCOP for May 17, 2013 at 9:00 A.M.

On May 17, 2013, as Defendant was leaving his residence to meet Sgt. Lick, he was apprehended by Evesham Township Police and handcuffed.   The CCOP arrived on the scene, and proceeded to search Defendant's residence and seize his property without probable cause or warrant.   Defendant was provided arrest warrants approximately three hours after his detainment.   The warrants show judicial signatures from two different hands, neither is of the signing judge.   At no time was a search warrant provided.

On May 17, 2013, Defendant was arrested and charged under warrant W-2013-000298-0434 with one count of Third Degree Stalking pursuant to N.J.S.A. 2C:12-10c and one count of Fourth Degree Contempt pursuant to N.J.S.A. 2C:29-9b.

On August 7, 2013, the Camden County Grand Jury returned Indictment Number 2454-08-13 charging the Defendant with Third Degree Stalking in violation of N.J.S.A. 2C:12-10c.

Transcripts show that Assistant Prosecutor Tracy A. Cogan and Detective Christoph Auletto, of the CCOP, suppressed exculpatory evidence in their possession and knowingly made false statements of fact to the Grand Jury.

On September 23, 2013, Defendant was arraigned before The Honorable Frederick J. Schuck, J.S.C., and entered a plea of not guilty.

On November 21, 2013 Judge Schuck entered an Order with regard to Defendant's applications.  In that Order, Judge Schuck ruled that the Defendant is deemed indigent and any fees provided for by law, which are payable to the Court are waived, excluding transcripts. (O-1).

On diverse dates between November 21, 2013 and the time of this Notice, Judge Schuck heard arguments relative to pre-trial motions submitted by Defendant.  The majority of the motions regarded discovery issues whereby; the State was suppressing discovery and delaying the matter intentionally.

The November 21, 2013 Judge Schuck entered an Order with regard to Defendant's applications.  The court denied Defendant's motion that the search warrant in this matter be deemed invalid.  The motion was denied regardless of photographs depicting CCOP detectives accessing the Defendant's computer and electronic devices in violation of the search warrant terms, where the devices were to be accessed later by a forensic examiner in a controlled environment.  At the time of this Notice, over 670 days elapsed since the State's unlawful seizure of Defendant's property, and discovery remains wantonly suppressed by the CCOP.

On January 13, 2014, Judge Schuck heard arguments relative to pre-trial motions submitted by Defendant.

On January 13, 2014 Judge Schuck entered an Order with regard to Defendant's applications.   The court denied Defendant's request for reconsideration of its determination that the search warrant was valid.

On March 10, 2014, Judge Schuck heard arguments relative to pre-trial motions submitted by Defendant.

On March 19, 2014, Judge Schuck entered an Order with regard to Defendant's applications.   The court denied Defendant's application for sanctions against the State along with a motion to dismiss based on alleged discovery deficiencies.

On May 28, 2014, Judge Schuck heard arguments relative to pre-trial motions submitted by Defendant.  A pre-trial conference was also held on this date.

On May 28, 2014, Judge Schuck entered an Order with regard to the Defendant's applications.  The court denied Defendant's application for free transcripts relative to the audio portion of particular video evidence that the State destroyed.  The transcripts would provide the identification of speech unprotected by the First Amendment.

On July 23, 2014, Judge Schuck held a pre-trial conference and addressed the status of ongoing discovery in the case.

On September 2, 2014, Judge Schuck entered an order without a moving party, which contradicted the July 23, 2014 order where the State shall provide

through subpoena original copies of video evidence from YouTube/Google.  The new order provided that the *pro se* Defendant shall obtain the copies.  Judge Schuck erred because the State's subpoena trigged federal protections when it requested IP Addresses for Defendant's Internet accounts.  The Defendant's data is now restricted and requires a search warrant pursuant to Federal regulation under The Communications and Data Act.  The restricted information contains vital data proving Raines harassed the Defendant through direct communications, and that Defendant was not stalking her.

Judge Schuck scheduled the return for another pre-trial conference on September 3, 2014, which was later postponed to October 16, 2014, and then again postponed to November 20, 2014.

On November 21, 2014, Judge Schuck heard arguments relative to pre-trial motions submitted by Defendant.  A pre-trial conference was also held on this date.

On November 21, 2014, Judge Schuck entered a twenty-seven (27) point order regarding discovery issues.  Judge Schuck denied Defendant's request for the State to identify the criminal conduct, and the videos containing speech alleged to be unprotected by the First Amendment.  Judge Schuck scheduled a 104-Hearing on January 27, 2015.

On January 16, 2015, Judge Schuck postponed the January 27, 2015 104-Hearing and rescheduled for February 19, 2015.

On January 30, 2015, Defendant filed a Notice of Motion to Dismiss the Indictment #1012 with Superior Court, Camden County.  The grounds for the

motion are "the portion of the statute charged by the State violates the Free Speech Clause of the First Amendment because it is overbroad and implicates a broad range of otherwise constitutionally protected speech.  <u>The statute is also unconstitutional as applied to [Defendant]</u>."

On February 19, 2015, Judge Schuck reviewed the State's limited video evidence during the 104-Hearing.

On February 19, 2015, with its limited selection of videos, at no time did the State make a substantial showing for its reasons to criminalize protected speech, nor did it identify speech characteristic of causing emotional distress. Judge Schuck scheduled Defendant's Motion to Dismiss for February 27, 2015.

On February 27, 2015, Judge Schuck heard arguments relative to Defendant's Motion to Dismiss.  Before proceeding, Judge Schuck commented that he was satisfied with the State's limited selection of videos presented at the February 19, 2015 104-Hearing.  Judge Schuck suggested he would be more inclined to review new material and not what he witnessed by the State. Judge Schuck also sought to avoid categorizing the speech within the videos, and suggested that he established an opinion based only on the State's less than accurate interpretations of the stalking statute.  Defendant understood this apprehension as the Court concluded its findings without the Defendant's oral argument, and Judge Schuck was merely "going through the motions" as procedure dictates.

After Defendant cut-short and quickly moved through his oral argument, Judge Schuck gave a lengthy prewritten opinion that failed to apply a strict

scrutiny of the State's interest in criminalizing protected speech as required for a First Amendment challenge.  At no time did Judge Schuck acknowledge the fact that the State's allegations fail to identify the conduct qualifying for a government's suppression of protected speech, nor did Judge Schuck address the Defendant's main argument that the charge "to cause emotional distress" is <u>unconstitutional as applied to Defendant</u>.  Finally, Judge Schuck deflected decades of Supreme Court rulings declaring speech perceived as causing emotional distress is absolutely protected absent of malice, even if *its* delivery is deliberate.

On March 3, 2015, Judge Schuck entered an Order with regard to the Defendant's Motion to Dismiss #1012. (O-11).

On March 3, 2015, Judge Schuck denied the Defendant's motion.

III.   **LEGAL ARGUMENT**

**POINT I: INTERLOCUTORY RELIEF FROM A TRIAL COURT'S DETERMINATION DENYING A MOTION IS DISCRETIONARY AND IS USED SPARINGLY IN THE INTEREST OF JUSTICE.**

As the State concedes, the New Jersey Court Rule 2:2-4 entitled Appeals to the Appellate Division from Interlocutory Orders, Decisions Actions, states as follows:

> Except as otherwise provided by R. 3:28, the Appellate Division may grant leave to appeal, in the interest of justice, from an interlocutory order of a court of a judge sitting as a statutory agent, or from an interlocutory decision or action of a state administrative agency or officer, if the final judgment, decision or action thereof is appealable as of right pursuant to R. 2:2-3(a).

[R. 2:2-4.]

As noted in Comment 1 under Rule 2:2-2, "[T]here is a fundamental distinction between judgments, which are the final dispositions eligible for appeal as of right, and every other decision, however denominated, which is interlocutory in effect.  The term 'judgment' is, therefore, reserved throughout the rules to signify the final, appealable disposition.  The term 'order,' as used in the introductory sentence to this rule and elsewhere, applies to all other judicial determinations."

In State v. Reldan, 100 N.J. 187, 86 (1985), the New Jersey Supreme Court commented that "[I]nterlocutory appellate review runs counter to judicial policy that favors an 'uninterrupted proceeding at the trial level with a single and complete review.'" Ibid. (citing In re Pennsylvania R.R., 20 N.J. 398, 404 (1956)); accord Clifford, "Civil Interlocutory Appellate Review in New Jersey," 47 Law & Contemp. Probs. 87 (1984) (The court may be thought to harbor an

"inhospitable attitude toward most interlocutory appeals").  Moreover, the grant of leave to appeal an interlocutory order *is* itself highly discretionary and *is* customarily exercised only sparingly. <u>Reldan</u>, <u>supra</u>, 100 <u>N.J.</u> at 86.  The Court has annunciated that it disfavors the practice of piecemeal review of trial level proceedings. <u>Brundage v. Estate of Carambino</u>, 195 <u>N.J.</u> 575, 599 (2008).  The Court has also definitively stated that denial of a motion for leave to appeal does not prejudice further review of the issue on appeal from a final judgment. <u>Reldan</u>, 100 <u>N.J.</u> at 86.  This *is* particularly true of pre-trial rulings, which are by nature, ongoing.  See, e.g., <u>Johnson v. Cyklop Strapping Corp.</u>, 220 <u>N.J. Super.</u> 250, 257 (App. Div . 1987) (holding that a trial court has "the inherent power, to be exercised in its sound discretion, to review, revise, reconsider and modify its interlocutory orders at any time prior to the entry of final judgment."), <u>certif. denied</u>, 110 <u>N.J.</u> 196 (1988).

### POINT II:  IF AN ORDER IS NOT A FINAL JUDGMENT, A PARTY MUST BE GRANTED LEAVE TO APPEAL

In <u>Grow Company, Inc. v. Chokshi</u>, 959 A. 2d 252 - <u>N.J.</u>: Appellate Div. (2008), the Court asserted that [t]he discretion to permit an interlocutory appeal must rest solely with the appellate courts, which are in a far better position to gauge whether the case is worthy of such an expenditure of judicial resources.  As Justice Hoens said for the Court in <u>Brundage</u>, <u>supra</u>, 195 <u>N.J.</u> at 599, 951 *A*.2d 947, the appellate court's exercise of its "considerable discretion" turns on whether leave to appeal will "prevent the court and the parties from embarking on an improper or unnecessary course of litigation."

Ibid.  This exercise requires that the moving party "must establish, at a minimum, that the desired appeal has merit and that 'justice calls for [an appellate court's] interference in the cause'"; such an approach necessarily precludes the granting of leave merely to "correct minor injustices." Ibid. (quoting Romano v. Maglio, 41 N.J. Super. 561, 567-68, 125 A.2d 523 (App. Div.), certif. denied, 22 N.J. 574, 126 A.2d 910 (1956), cert. denied, 353 U.S. 923, 77 S.Ct. 682, 1 L.Ed.2d 720 (1957)).

In the case at bar, Defendant has established at a minimum a substantial constitutional question and a "bad faith" use of the *vast meaning* of "emotional distress" embedded within N.J.S.A. 2C:12-10 Stalking.  A constitutional question indisputably substantiates leave to appeal the trial court's order.  Defendant's argument regarding speech and the State's misuse of its statute is backed by 3-years of conclusive evidence, which identifies the conduct of Raines and the CCOP amounting to fraud/deceit, neglect, and abuse of discretion, and evidences this prosecution as purely retaliatory because members of the CCOP are named in Defendant's online postings.

Moreover, Defendant concedes that Judge Schuck alone does not have the "diverse intellect" required to determine a case regarding the Internet and a First Amendment challenge.  A single judge determining the limitations of the global reaches of civil liberties expressed through the Internet would be indicative of forcing every citizen to have one form of expression; that of the judge.  The State of New Jersey would in-fact be "chilled" if state officers were to have such control over civil liberties such as protected speech.  This is

especially true since 49 other states follow The Supreme Court's strict scrutiny test for a First Amendment challenge, which Judge Schuck failed to apply.  It is not the case that Defendant simply does not agree with Judge Schuck's determination; the Defendant recognizes the chilling effects of allowing state officers to individually determine legislation's meaning of an ambiguous clause nested in a statute, and subsequently apply his/her interpretation, thus becoming a free wheeling authority persecuting those who speak out against them.  Or likewise, criminalize protected speech based on the individual sensitivities of an alleged victim.

Since the grant of leave to appeal *is* highly discretionary, the Defendant submits that his rights are in-fact <u>NOT</u> preserved through his right to appeal as of right from a final judgment, in the case at bar, and the majority of cases before, appeal after conviction (should that be the result) and the rulings of the trial court are not in the nature that should be reviewed piecemeal.  Defendant agrees, and submits that this ruling is not ongoing, and if adjudicated fairly, would not be piecemeal but dispose of the State's action entirely.

**POINT III:   THE PRESERVATION OF RIGHTS THROUGH A RIGHT TO APPEAL FROM A FINAL JUDGMENT MAY VIOLATE THE LIBERTIES OF THOSE UNREASONABLY PROSECUTED**

In <u>State of N.J. v. Imperiale</u>, 773 F. Supp. 747 - <u>Dist. Court, D</u>. New Jersey (1991), the Court recognized the risk of abuses arising from a vindictive or harassing prosecution.  As here, the CCOP transformed legislation's intent into a vindictive and harassing action to silence Defendant's speech, and to create an undo burden such that Defendant will discontinue pursuing justice.

16

Defendant asserts the State has violated his rights and liberty interests, and as the Court in Imperiale stated, "Even if a defendant is ultimately acquitted, forced immersion in criminal investigation and adjudication is a wrenching disruption of everyday life.  For this reason, we must have assurance that those who would wield this power will be guided solely by their sense of public responsibility for the attainment of justice. 481 U.S. at 814, 107 S.Ct. at 2141. See also State v. Corson, 192 N.J. Super. 612, 471 A.2d 818 (Law Div.1983).

Based on Judge Schuck discounting Supreme Court holdings regarding speech and its strict procedure for weighing a First Amendment challenge to the State's interest criminalizing federally protected conduct, and that the State's action violates the Defendant's right to defend his liberty through self expression under Article I, Section 1 and 6 of the New Jersey State Constitution, in the interest of justice, Defendant's arguments warrant interlocutory relief at this juncture.

To reiterate, as Justice Hoens said for the Court in Brundage, the appellate court's exercise of its "considerable discretion" turns on whether leave to appeal will "prevent the court and the parties from embarking on an improper or unnecessary course of litigation."  The spirit of this statement is illuminated by the fact that the case at barr was comparably litigated and cited by Federal Courts across the nation since 2011.  Title 28 U.S.C. § 2283 provides notice for federal interests in prohibiting states from relitigating substantial federal matters of great public interest previously presented and decided by federal courts.  Therefore, if the Defendant receives an adverse

determination, it is obvious from his tenacity for justice he shall appeal the court's determination and ultimately present Constitutional questions involving matters of great public interest and concern.  Consequently, to embark on an improper or unnecessary course of litigation would be to proceed with the State's action, thus resulting in a District Court reversal grounded in prior *federal decisions* regarding identical First Amendment circumstances.

## IV.  CONCLUSION

For *all* those reasons set forth herein, the Defendant respectfully urges this Court to grant Defendant's motion for leave, to appeal as Defendant has established more than a minimal showing that interlocutory relief is warranted, and, because his application includes a substantial constitutional question regarding First Amendment freedoms and the Internet, a substantive merit has been shown.

Respectfully Submitted,

DATE:  March 20, 2015

BRUCE ARISTEO,
Defendant-Appellant, *pro se*

RECEIVED AND FILED

_11-21_____, 20 _13_

IN THE CRIMINAL DIVISION
SUPERIOR COURT CAMDEN COUNTY

SPECIAL DEPUTY CLERK

PREPARED BY THE COURT
_____
**STATE OF NEW JERSEY**                    :
                                          :
                                          :
                                          :
                            Plaintiff(s)   :
                                          :
**v.**                                     :    **SUPERIOR COURT OF NEW JERSEY**
                                          :    **CAMDEN COUNTY CRIMINAL PART**
**BRUCE ARISTEO**                          :    **INDICTMENT NO. 2454-08-13**
                                          :
                                          :         **ORDER**
_____
                            Defendant(s)

**THIS MATTER** having been brought before the Court on the application of the Defendant, Bruce Aristeo, who represents himself *pro se*;

**And** the State being represented by Assistant Prosecutor Tracy A. Cogan;

**AND THE COURT** having considered the submissions of the parties, and their arguments in Court on November 21, 2013;

**AND** for reasons set forth more fully on the record on that date, and good cause having been shown;

**IT IS ON THIS 21ST DAY OF NOVEMBER, 2013, ORDERED AND ADJUDGED AS FOLLOWS:**

1) The Defendant is deemed to be indigent, pursuant to R.1:13-2(a), and any fees provided for by law which are payable to the Court are waived. This does not include the provision of free transcripts.

2) By December 5, 2013, the State shall provide to the Defendant a copy of any and all witness statements.

3) By December 5, 2013, the State shall supply to the Defendant color copies of any photos otherwise supplied or to be supplied by way of discovery.

4) The Defendant's request for a color copy of the arrest warrant is denied.

5) The Defendant's request for copies of notes, memoranda, or other work and papers made or maintained by any judge relevant to this Defendant is denied pursuant to R.1:38-5(b).

6) The Defendant's request for Family Part records pertaining to domestic violence proceedings relative to the alleged victim in this matter is denied

pursuant to R.1:38-3(d)(9) and (10).

7) The Defendant shall proceed pursuant to R.1:38-10(a) relative to any other Court records or administrative records he seeks, and shall address any records request regarding the Superior Court, Law or Chancery Divisions, to the Trial Court Administrator of the Camden County vicinage. If he is denied access to a record sought he may seek review of that determination as set forth in R.1:38-10(b).

8) By December 5, 2013 the State shall supply to the Defendant a copy of any documents generated by the Township of Evesham or the Township of Voorhees police departments relative to this matter. The Defendant may seek copies of records of other incidents he considers indirectly related to this matter by making his own request directly to the sources of those records.

9) By December 6, 2013 the State shall supply to the Defendant a copy of the agreement of April 19, 2011 relative to the Defendant and the alleged victim.

10) The Defendant's request for copies of the Family Part orders not mentioned in the search warrant affidavit, and not supplied with discovery, is denied as being beyond the scope of the State's obligation to provide discovery pursuant to R.3:13-3.

11) By December 19, 2013 the State shall provide to the Defendant a transcript of the audio of the surveillance video.

12) The Defendant's request that the State supply the agreement page and the signature page not supplied with the background check dated April 1, 2011, that was supplied with the discovery, is denied, the State having represented that those arguably existent additional pages are not part of the copy of the background check in their possession.

13) The Defendant's motion for change of venue is denied pursuant to R.3:14-1 and 2.

14) The Defendant's motion that the search warrant in this matter be deemed invalid is denied, the State having met the necessary legal standard.

15) The State shall provide to the Defendant reasonable access to the computer and the iPhone seized from him by the State pursuant to the search warrant.

16) Pursuant to a separately issued Order this date, the Defendant is released on his own recognizance relative to this matter pursuant to pre-trial services, to include electronic monitoring and detailed bail conditions as more fully set forth in that separate Order.

FREDERICK J. SCHUCK, J.S.C.

2

RECEIVED AND FILED

3-3 , 20 15

IN THE CRIMINAL DIVISION
SUPERIOR COURT CAMDEN COUNTY

SPECIAL DEPUTY CLERK

MARY EVA COLALILLO
PROSECUTOR
25 NORTH FIFTH STREET
CAMDEN, NEW JERSEY 08102-1231
(856) 225-8400

----------------------------------------------------------------------------------------

|  | : | SUPERIOR COURT OF NEW JERSEY |
|  | : | LAW DIVISION - CAMDEN COUNTY |
|  | : | (CRIMINAL) |
| STATE OF NEW JERSEY | : |  |
|  | : | INDICTMENT NO. 2454-08-13 |
|  | : |  |
| vs. | : | ORDER |
|  | : |  |
| BRUCE ARISTEO | : |  |

_____

**THIS MATTER,** having been brought before the Court on the application of the

defendant, Bruce Aristeo, who represents himself, *pro se;*

**And** the State being represented by Assistant Prosecutor Tracy A. Cogan;

**AND THE COURT** having considered the submissions of the parties, and their

arguments in Court on February 27, 2015;

**AND** for reasons set forth more fully on the record on that date, and good cause

having been shown;

**IT IS ON THE** 3 rd **DAY OF MARCH, 2015, ORDERED AND**

**ADJUDGED AS FOLLOWS:**

Defendant's motion to dismiss the Indictment on grounds that N.J.S. 2C:12-10 is
unconstitutionally vague and overbroad is hereby **DENIED**.

and that it fails to
allege facts sufficient
to constitute an offense,

FREDERICK J. SCHUCK, J.S.C.